# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KIM O'NEAL COLLINS, RONNIE W. CURL, and DAMON ROSS O'NEAL, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL FINANCIAL SERVICES, INC., and NATIONSTAR MORTGAGE, LLC, <br><br> Defendants. | CIVIL ACTION FILE NO.: 5:16-CV-93 <br><br> Removed from Lamar County Superior Court 16B-030-F |

## NOTICE OF REMOVAL

COMES NOW Defendant Springleaf Financial Services, Inc., f/k/a American General Financial Services, Inc. ("Springleaf")[1], appearing specially so as to preserve any and all defenses available under Federal Rule of Civil Procedure 12(b), and preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby files this Notice of Removal of this action from the Superior Court of Lamar County, Georgia, to the United States District Court for the Middle District of Georgia,

---

[1] American General Financial Services, Inc. changed its name to Springleaf Financial Services, Inc. in March 2011.

Macon Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Springleaf respectfully shows the Court the following:

## I. INTRODUCTION

Removal of this action is proper because this Court has diversity jurisdiction. Plaintiffs Kim O'Neal Collins, Ronnie W. Curl, and Damon Ross O'Neal (collectively, "Plaintiffs") and Defendants Springleaf and Nationstar Mortgage, LLC ("Nationstar") (collectively, "Defendants") are completely diverse, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Plaintiffs allege that they secured a $33,808.45 mortgage loan by granting Springleaf a promissory note and security deed to the improved real property at 1441 Hwy. 41 S., Barnesville, Lamar County, Georgia 30204 (the "Property"). (Compl. ¶¶ 6-9, 13). Plaintiffs allege that Springleaf later transferred their loan documents to a loan trust, and allege that Nationstar "issued a Notice of Default to Plaintiffs" without the authority to do so. (Compl. ¶¶ 10, 11).

Plaintiffs seemingly conclude that their mortgage debt is unenforceable because Springleaf allegedly transferred Plaintiffs' loan documents to other entities. Plaintiffs allege that they were "misled" about the transferability of their mortgage loan, and that "had the truth [about the free transferability of their loan]

been disclosed … [they] would not have pledged a security agreement to American General." (Compl. ¶¶ 15, 18).

Because Nationstar is attempting to foreclose the Property, Plaintiffs assert claims against Springleaf for "fraud in the concealment" and breach of fiduciary duties, and assert claims against both Defendants for "unconscionable contract," slander of title, and intentional infliction of emotional distress. (*See generally*, Compl.). Plaintiffs seek "monetary relief over $100,000," and a declaratory judgment that "Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to evict or foreclose, the trust deed and/or to sell the subject propert[y]." (Compl., Prayer for Relief).

Springleaf denies any wrongdoing, and denies that Plaintiffs are entitled to any legal or equitable relief.

## II. PROCEDURAL REQUIREMENTS

1. Plaintiffs filed this action in the Superior Court of Lamar County, Georgia, on January 28, 2016. The Superior Court assigned the case civil action file number 16B-030-F. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders from the Superior Court are attached hereto as Exhibit "A."

-3-
26803754 v1

2. Reserving its 12(b) defenses of insufficient process and insufficient service of process, Springleaf states that its registered agent for service of process received a copy of Plaintiffs' complaint and summons on February 2, 2016. Springleaf is timely filing this Notice of Removal within thirty (30) days from the date this action first became removable under 28 U.S.C. § 1446(b) ("The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (finding 30-day removal period runs from date of service of summons and complaint); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008) (adopting "last-served" defendant rule whereby 30-day removal period runs from date of service upon last-served defendant in multi-defendant litigation).

3. Nationstar consents to the removal of this action. Attached hereto as Exhibit "B" is Nationstar's *Consent to Removal.*

4. The United States District Court for the Middle District of Georgia, Macon Division, is the federal district and division embracing the Superior Court of Lamar County, Georgia. Removal is therefore proper under 28 U.S.C. §§ 90(b)(2) and 1441(a).

26803754 v1

5. Springleaf is giving prompt written notice of this Notice of Removal to Plaintiffs and the clerk of the Superior Court of Lamar County, Georgia, as required by 28 U.S.C. §1446(d).

### III. REMOVAL BASIS

#### A. Diversity Jurisdiction

Removal is proper under 28 U.S.C. § 1332 because Plaintiffs and Defendants are completely diverse, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998) (noting diversity jurisdiction requires that every plaintiff be diverse from every defendant).

##### i. Complete Diversity of Citizenship

Plaintiffs allege that they are each "current residents of Lamar County and are the record titleholders to the real property located at 1441 Hwy 41 South, Barnesville, GA 30204." (Compl. ¶ 1). Plaintiffs also identify their collective mailing address as 1441 Hwy. 41 S., Barnesville, Lamar County, Georgia 30204. (*See* Summons). On information and belief, Plaintiffs are domiciled in Lamar County and citizens of Georgia. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and 'an

intention to remain there indefinitely[.]'") (internal punctuation and citations omitted).

Springleaf is a foreign corporation organized under Delaware law with its principal place of business on Indiana. Springleaf is therefore a citizen of both Delaware and Indiana. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Springleaf is not a citizen of Georgia for jurisdictional purposes.

Nationstar is a foreign limited liability company organized under Delaware law with its principal place of business in Texas. For the purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member in the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).

Nationstar is an indirect, wholly owned subsidiary of the publicly-traded Nationstar Mortgage Holdings, Inc. ("NSM Holdings"). Nationstar is directly owned by two entities: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%). Both Sub1 and Sub2 are Delaware limited liability companies with principal places of business Texas.

Sub1 and Sub2 are both 100% owned by NSM Holdings, a Delaware corporation. NSM Holdings' principal place of business is in Texas. Further, the stock of NSM Holdings is owned approximately 80% by FIF HE Holdings, LLC, a Delaware limited liability company, and approximately 20% by public stockholders. Nationstar is not a citizen of Georgia for jurisdictional purposes.

As such, there is complete diversity between all Plaintiffs and both Defendants.

### ii. **Amount in Controversy**

The Eleventh Circuit has held that "removal from state court is proper [on diversity jurisdiction grounds] if it is facially apparent from the complaint that the amount in controversy exceeds the [$75,000.00] jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, Plaintiffs specifically pray for "[m]onetary relief over $100,000 but not more than $2,000,000.00[.]" (Compl., Prayer for Relief). The removability of Plaintiffs' complaint is therefore apparent on its face. *See* 28 U.S.C. § 1446(c)(2) (stating that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

Plaintiffs additionally seek a "judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have

-7-
26803754 v1

no interest estate, right, title or interest in the subject property and that the Defendants … be forever enjoined from asserting any estate, right title or interest in the Subject Property[.]" (Compl. ¶ 60). Plaintiffs' request is in the nature of a permanent injunction preventing Defendants from foreclosing the property. Where a plaintiff seeks equitable relief like a permanent injunction, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 345 (1977)). The Court may look beyond the pleadings to determine the value of the "object of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).

Because Plaintiffs seek to permanently enjoin Defendants from enjoying the bargain of Plaintiffs' security deed contract, the value of the security deed is an "object of the litigation" that can be added to the amount in controversy. *See, e.g., Haynes v. JPMorgan Chase Bank*, 466 F. App'x. 763, 764 (11th Cir. 2012) (concluding district court had jurisdiction where plaintiff sought to enjoin foreclosure and security deed exceeded $75,000); *Wallace v. Bank of N. Y. Mellon*, No. 1:13-CV-868-TWT, 2014 WL 505512, at *3 (N.D. Ga. Feb. 6, 2014) ("Here, too, the Plaintiffs are seeking injunctive relief to prevent the Defendant from

foreclosing the Property. Should the Plaintiffs receive their requested relief, they would at the very least be relieved of the Defendant's claim for [the loan] secured by the Property."); *Roper v. Saxon Mortg. Servs., Inc.*, No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) (using value of security deed to establish amount in controversy where plaintiff sought to enjoin foreclosure sale) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.3d 545, 547 (5th Cir. 1961)).

Plaintiffs' security deed secures their repayment of a $33,808.45 mortgage loan. (Compl. Ex. A). *See Haynes*, 466 F. App'x at 764 (holding copy of security deed sufficiently evidenced amount in controversy). The Court should therefore add at least $33,808.45 to the Plaintiffs' specific $100,000 demand.

Accordingly, based upon the face of Plaintiffs' complaint and their exhibits, the amount in controversy exceeds this Court's $75,000.00 jurisdictional threshold. Because Plaintiffs and Defendants are completely diverse, removal is proper under 28 U.S.C. § 1332.

## IV.　ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Springleaf's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of

-9-
26803754 v1

service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under O.C.G.A. § 9-11-12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. CONCLUSION

WHEREFORE, Springleaf respectfully asks the Court to exercise its jurisdiction over this action and issue all necessary orders and process to remove this action from the Superior Court of Lamar County, Georgia, to the United States District Court for the Middle District of Georgia, Macon Division.

Respectfully submitted this 3rd day of March, 2016.

/s Louis G. Fiorilla
Louis G. Fiorilla
Georgia Bar No. 910188
lfiorilla@burr.com
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
Attorneys for Defendant Springleaf
Financial Services, Inc.

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

26803754 v1

## CERTIFICATION OF COUNSEL

I hereby certify that I prepared the foregoing **NOTICE OF REMOVAL** with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

/s Louis G. Fiorilla
Louis G. Fiorilla
Georgia Bar No. 910188
lfiorilla@burr.com

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2016, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served a copy of said document on the following address through first-class, United States mail, postage prepaid:

>	Kim O'Neal Collins
>	Damon Ross O'Neal
>	Ronnie W. Curl, Deceased
>	1441 Hwy 41 S.
>	Barnesville, GA 30204
>	*Plaintiffs pro se*

>					/s Louis G. Fiorilla
>					Louis G. Fiorilla
>					Georgia Bar No. 910188
>					lfiorilla@burr.com

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244