1

2

3

4

RECEIVED
CLERK'S OFFICE

2016 JUL 21   AM 10: 51

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA

Kim O'Neal Collins, Pro Se
Damon Ross, Pro se
1441 Hwy 41 South
Barnesville, GA 30204
(470) 277-3841
collins1441@gmail.com

5

6

7

8

9

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

10

11

12

13

| KIM O'NEAL COLLINS, PRO SE, RONNIE W. CURL, PRO SE AND DAMON ROSS O'NEAL, PRO SE<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN GENERAL FINANCIAL SERVICES, INC.; NATIONSTAR MORTGAGE, LLC, ET ALL<br><br>Defendants | Case No.: 5:16-cv-00093-LJA<br><br>PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF |
| --- | --- |

14

15

16

17

18

19

20

21

22

**PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY,  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND DECLARATORY RELIEF**

23

24

25

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 1

Plaintiffs sue the Defendants mentioned in the above styled case and hereby allege as follows:

## BACKGROUND FACTS

1. Plaintiffs retained a Private investigator to verify the claims of this complaint (exhibit A).

2. Plaintiffs issued an Uncertificated Security as a (Accommodation) Promissory Note on January 7, 2009 regarding a purported loan for $ 33,808.45. The purported Original Lender of the January 7, 2009 loan is American General Financial Services, Inc.

3. A purported Allonge to said note was allegedly prepared by Springleaf Financial Services. Purported Allonge is not dated (Exhibit B).

4. Plaintiffs pledged a Constructive Deed to Secure Debt Security Instrument to grant an alternate means of collections filed against their Superior Claim to Title filed in the Official Records of the Lamar County Recorder's Office on January 14, 2009. (Exhibit C).

5. The purported Deed to Secure Debt loan contract between the parties are specific as to the duties of each party.

6. Plaintiffs executed the note as the accommodation party for American General Financial Services, Inc., the accommodated party.

7. After January 7, 2009, American General Financial Services, Inc. as Accommodated party sold its personal property interest in the Plaintiffs Accommodation Note as a transferable record to American General Mortgage Loan

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 2

Trust 2009-1, American General Mortgage Pass-Through Certificates, Series 2009-1 (AGMLT 2009-1 Trust) and attempted to sell its personal property security interest in the Plaintiffs' pledged Constructive Deed to Secure Debt.  Thus, breaching their Fiduciary Duty by not complying with the Satisfaction requirements of the Constructive Deed to Secure Debt.

8.  On or about November 13, 2014 Defendant Nationstar Mortgage, LLC issued a Notice of Default to Plaintiffs.  (Exhibit D)

9.  There are no recorded documents granting Nationstar Mortgage, LLC any rights or authority to Default Plaintiffs of foreclose on Plaintiffs' property.

## **PROPERTY**

10. The Real Property description which is the subject of this suit is a follows:

> All that tract or parcel of land lying and being in Land Lot 249 of the 7th Land District of Lamar County, Georgia, and being 5.64 acres according to a plat made by Brent Cunningham, GRLS, dated February 17, 1992, recorded in Plat Book 12, Page 201, in the Office of the Clerk of Superior Court of Lamar County, Georgia, and which said plat, together with the metes, bounds, courses and distances as shown thereon is incorporated into this description by reference

> Tax Parcel Identification Number 0094-019

commonly known as 1441 Hwy 41 South, Barnesville, GA 30204.

## **FRAUD IN THE CONCEALMENT**

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 3

11. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

12. Generally, one must prove the following to bring a legally sufficient claim of Fraudulent Concealment.

   a.  Concealed or suppressed a material fact;

   b.  Had knowledge of this material fact;

   c.  That this material fact was not within reasonably diligent attention, observation, and judgment of the Plaintiffs;

   d.  That the defendant suppressed or concealed this fact with the intention that the Plaintiffs be misled as to the true condition of the property; and

   e.  That the Plaintiffs was reasonably so misled; and

   f.  That the Plaintiffs suffered damage as a result.

13. Defendant American General Financial Services, Inc. concealed the fact that they were not a depository bank.   The purported lender claims to have accepted the issuer Plaintiffs' negotiable instrument as debtor in a deposit account; Defendant American General Financial Services, Inc. furthered their deception by purporting to have given consideration for the Plaintiffs' accommodation negotiable instrument in the form of real money purportedly executing an underlying obligation (indebtedness) between the parties to the contract. Defendant, American General Financial Services, Inc. concealed in the presentation of the terms of the Deed to Secure Debt contract(s) a cross acceptance of which the Plaintiffs would accept ownership of the real property collateral for executing an accommodation negotiable instrument on behalf of American General Financial Services, Inc. for the purpose of a material variation to the purported contract

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 4

in which the Plaintiffs would be acting as surety for American General Financial Services, Inc. to use Plaintiffs' promise to put the funds as surety and a personal property security interest in the Plaintiffs' pledged security instrument as collateral for the purpose of negotiating a personal property transaction for a service release premium without recourse to be received through a table funded transaction at the closing of the purported loan. Defendant, American General Financial Services, Inc. concealed a third party Securitizer as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the securitization, the true character of the purported loan in this way had a materially negative effect on Plaintiffs that was known by Defendant American General Financial Services, Inc. but not disclosed.

14. Defendant American General Financial Services, Inc. knew or should have known that there was no meeting of the minds between the Plaintiffs and the purported depository bank or lender American General Financial Services, Inc. regarding the true character of the purported loan and that most importantly it created no underlying obligation between the parties to the contract.

15. Defendant American General Financial Services, Inc. knew or should have known that had the truth been disclosed, Plaintiffs would not have pledged a security agreement to American General Financial Services, Inc. for the purpose of an alternate means of collection.

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 5

16. Defendant American General Financial Services, Inc., intended to induce Plaintiffs based on these material misrepresentations and improper disclosures.

17. Plaintiffs' reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiffs could have been alerted to issues of concern. Plaintiffs would have known of Defendant's true intentions and profits from the proposed purported loan. Plaintiffs would have known that the actions of Defendant, American General Financial Services, Inc., would have an adverse effect on the value of Plaintiffs' home by clouding the title.

18. Defendant's failure to disclose the material terms of the transaction induced Plaintiffs to enter into the purported loan and accept the Services as alleged herein.

19. Defendants were aware of the misrepresentations and profited from them.

20. As a direct and proximate result of the misrepresentations and concealment Plaintiffs were damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiffs' financial security, emotional distress, and costs and attorney's fees.

21. Defendant, American General Financial Services, Inc., is guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

## UNCONSIONABLE CONTRACT

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 6

22. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. The actions of Defendants, as set forth herein, has resulted in the Plaintiffs being forced, tricked, and mislead into parting with their property.

24. Generally, one must prove the following to bring a legally sufficient claim of Unconscionable Contract.

   a. Undue Influence;

   b. Duress;

   c. Unequal Bargaining Power;

   d. Unfair Surprise; and

   e. Limited Warranty

25. Defendant American General Financial Services, Inc., presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard underwriting requirements must be met in order to qualify for a loan of money for the subject property from American General Financial Services, Inc.

26. Defendant American General Financial Services, Inc., presented in the origination of the purported loan that a preliminary signature on the Deed to Secure Debt loan contract[s] was required in order to "lock in" an interest rate regarding the terms of the purported loan.

27. Defendant, American General Financial Services, Inc., failed to clarify in the terms of the Deed to Secure Debt loan contract that American General Financial Services, Inc. the purported lender on the contract was not the party giving consideration for the purported

loan; rather American General Financial Services, Inc. concealed they were financially benefitting by bargaining with a third party to finance the loan via a wire funds transfer in order to table fund the purported loan at the closing using a warehouse line of credit.

28. Defendants knew or should have known that through a consciousness of innocence the Plaintiffs were at a special disadvantage when attempting to grant an alternate means of collection via the Constructive Deed to Secure Debt to American General Financial Services, Inc.

29. It is clear that Defendants intended to exploit the Plaintiffs' special disadvantage and deny Plaintiffs their superior rights to subject property.

## **BREACH OF FIDUCIARY DUTY**

30. Plaintiffs re-allege and incorporates herein by reference all previous paragraphs as though fully set forth herein.

31. Generally, one must prove the following to bring a legally sufficient claim of Breach of Fiduciary Duty.

32. Breach of full disclosure;

   a.  Breach of good faith and fair dealing;

   b.  Misuse of superior or influential position;

   c.  Misuse of superior knowledge; and

   d.  Failure to act in another's best interest

33. On January 7, 2009 the Plaintiffs pledged a security agreement via a constructive Deed to Secure Debt whom designated Deed to Secure Debt Electronic Registration System, Inc. nominee and beneficiary under the constructive trust.

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 8

34. Defendant American General Financial Services, Inc., Inc. failed to disclose to the Plaintiffs that they were not the legitimate creditor but, more accurately were account debtor in an accommodated table funded transaction.

35. Defendant American General Financial Services, Inc. having only a personal property interest over the real property collateral failed to meet their fiduciary duty to release and satisfy the real property lien "Deed to Secure Debt" and the beneficial security interest (personal property) therein after receiving payment for all sums represented by the Defendants' Accommodated Note.

36. Prior to the Closing Date of the Trust and unknown to Plaintiffs, Defendant American General Financial Services, Inc., for payment rendered through a service release premium, divested itself of the Accommodated Note but, did not comply with the covenants of the Constructive Deed to Secure Debt, specifically the Satisfaction provision.

37. American General Financial Services, Inc.'s acting not in the best interest of the grantor of the constructive Deed to Secure Debt failed to adhere to their Fiduciary Duties; American General Financial Services, Inc. was to release and satisfy the security instrument in order for the Plaintiffs to maintain clear and marketable title. As a result of its failure to comply with the Constructive Deed to Secure Debt, Defendants caused a cloud on the Plaintiffs' superior claim to title. As a result, Plaintiffs were harmed.

38. Defendant, claims Plaintiffs borrowed $33,808.45 from "Springleaf" on January 7, 2009. Furthermore, Defendant, American General Financial Services, Inc. claims

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 9

a name change from American General Financial Services, Inc. to Springleaf in March of 2011.  Defendant does not offer any proof of said name change or the acquisition of assets from American General Financial Services, Inc.  Plaintiffs do not and have never had a signed contractual agreement with "Springleaf".

## SLANDER OF TITLE

39. Plaintiffs re-allege and incorporates herein by reference all previous paragraphs as though fully set forth herein

40. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

    a. There was a communication to a third party of;

    b. A false statement;

    c. Derogatory to another's title;

    d. With malice; and

    e. Causing special damages

41. Had American General Financial Services, Inc. released the Property and surrendered the Security Instrument to the Plaintiff legally entitled to it upon American General Financial Services, Inc. being paid sums for a payment intangible via a service release premium; rather than breach the fiduciary duty, Plaintiff would have a clear and marketable title.  Instead, the chain of title regarding securitization personal property (payment intangible) transactions has not been disclosed by proper recording with the Secretary of State's office in the State where the real property resides.

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 10

42. Plaintiff is NOT attempting to seek enforcement of a third party contract but is merely showing beyond any reasonable doubt that such withholding of un recorded assignment(s) of the payment intangible eNote are proof American General Financial Services, Inc. and defendants were without rights to make a claim to real property in withholding such facts have potentially committed a grave error Slander of Title causing special damage. Such instrument remained within the collateral file and was never submitted for recordation to perfect defendants' rights to the payment intangible, if the document existed at the time of conveyance.  It may be true that defendant has a right to the paper instrument(s) being the accommodated note and the unrecorded assignment as personal property, but such rights do not extend to real property without compliance to statutory law.

43. The Plaintiff's note does not contain an endorsement or allonge from American General Financial Services, Inc. to Springleaf. However, it does show a purported allonge "in blank" from Springfield to an unknown entitiy (Exhibits B), is not dated and is signed by Stephen L. Day, Vice President.  Plaintiffs contend Stephen L. Day is not a Vice President at Springleaf, but a Senior Director of Operations and does not have sufficient knowledge or authorization to execute purported "allonge" and has misrepresented his official capacity.

44. Furthermore, Nationstar Mortgage is now asserting ownership of the Plaintiffs loan, through the Notice of Default, and have offered no documentation or proof

as to how they obtained possession of Plaintiff's note and Deed of Trust or what authority they have to place Plaintiffs in default.

45. The acts of the afore mentioned parties have slandered the Plaintiffs title.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiffs re-allege and incorporates herein by reference all previous paragraphs as though fully set forth herein.

47. Generally, one must prove the following to bring a legally sufficient claim of Intentional infliction of emotional distress.

    a.   That Defendants conduct was outrageous;

    b.   That the Defendants intended to cause Plaintiffs emotional distress;

    c.   That Plaintiffs suffered severe emotional distress; and

    d.   That Defendant's conduct was substantial factor in causing severe emotional distress.

48. The actions of Defendants, as set forth herein, caused Plaintiffs potential loss of the Property.

49. This outcome has been created without any right or privilege on the part of the Defendants, and, as such, their actions constitute outrageous or reckless conduct on the part of Defendants.

50. Defendants intentionally, knowingly and recklessly misrepresented to the Plaintiffs that Defendants were entitled to exercise the power of sale provision contained in the Deed to

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 12

Secure Debt and place them in default. In fact, it is not clear who entitled to do so and Defendants have no legal, equitable, or actual beneficial interest whatsoever in the Property.

51. Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiffs, such that Plaintiffs would be so emotionally distressed and debilitated that they would be unable to exercise legal rights in the Property; the right to title of the Property, the right to cure the alleged default, right to verify the alleged debt that Defendant, Nationstar Mortgage, LLC is attempting to collect, and right to clear title to the Property such that said title will regain its marketability and value.

52. At the time Defendant, Nationstar Mortgage, LLC, began their fraudulent foreclosure proceedings, Defendant, Nationstar Mortgage, LLC was not acting in good faith while attempting to collect on the subject debt. Defendant, Nationstar Mortgage, LLC committed the acts set forth above with complete; utter and reckless disregard of the probability of causing Plaintiffs to suffer severe emotional distress.

53. As an actual and proximate cause of Defendants' fraudulent foreclose action on Plaintiffs' home or claim of the right to foreclose on Plaintiffs' home, the Plaintiffs suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression.

54. Plaintiffs did not default in the manner stated in the Notice of Default, yet because Defendants' outrageous conduct, Plaintiffs have been living under the constant emotional nightmare of losing the Property.

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 13

55. As a proximate cause of Defendants' conduct, Plaintiffs have experienced many sleepless nights, severe depression, lack of appetite, and loss of productivity at its place of employment.

56. The conduct of Defendant, Nationstar Mortgage, LLC, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiffs are therefore entitled to punitive damages in an amount appropriate to punish Defendant and to deter other from engaging in similar conduct.

## **DECLARATORY RELIEF**

57. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding his respective rights and duties in the subject note(s) and security instrument.  Plaintiff requests a judicial determination of the rights, obligations and interest of the parties with regard to the subject property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property.

59. Plaintiffs should be the equitable owner of the Subject Property which has the following legal description:

> All that tract or parcel of land lying and being in Land Lot 249 of the 7th
> Land District of Lamar County, Georgia, and being 5.64 acres according
> to a plat made by Brent Cunningham, GRLS, dated February 17, 1992,

recorded in Plat Book 12, Page 201, in the Office of the Clerk of
Superior Court of Lamar County, Georgia, and which said plat, together
with the metes, bounds, courses and distances as shown thereon is
incorporated into this description by reference

Tax Parcel Identification Number 0094-019

60. Plaintiffs seek to quiet title as of the date of the filing of this Complaint. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or **interest in the Subject Property subject to Plaintiffs' rights.**

## PRAYER

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;

- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through, or under them;

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 15

- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;

- Humbly request this court to require Defendant to legally and contractually prove its association with Defendant American General Financial Services, Inc;

- Pre- and post-judgment interest at the maximum rate allowed by law;

- Attorney's fees;

- Monetary relief over $100,000 but not more than $1,000,000.00; and

- Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Dated: _22_   July, 2016


_____
Kim O'Neal Collins, Pro Se
1441 Hwy 41 South
Barnesville, GA 30204


_____
Damon Ross, Pro se
1441 Hwy 41 South,
Barnesville, GA 30204

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 16

1

2

# EXHIBITS

3

4  Exhibit A: Affidavit of Joseph Esquivel
   Exhibit B: Allonge
5  Exhibit C: Deed to Secure Debt
   Exhibit D: Notice of Default
6

7

8

9

10

11

12

13

14

15

16

17  <u>**CERTIFICATE OF SERVICE**</u>

18

   WE HEREBY CERTIFY that on this 22 day of July, 2016, a true and correct copy of
19
   the foregoing was served U.S. mail and/or e-mail upon the following party(ies):
20

21  Christopher S. Anulewicz
   Geremy W. Gregory
22  BALCH & BINGHAM LLP
   30 Ivan Allen Jr. Blvd., N.W., Ste 700
23  Atlanta, GA. 30308

24  Louis G. Fiorilla
25  PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE
   CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,
   SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 17

1

BURR & FORMAN LLP
171 17th St., Ste. 1100
2

Atlanta, GA. 30363

3

4

Kim O'Neal Collins, Pro Se
5

1441 Hwy 41 South

Barnesville, GA 30204

6

7

8

Damon Ross, Pro se

1441 Hwy 41 South,
9

Barnesville, GA 30204

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' AMENDED COMPLAINT FOR, FRAUD IN THE CONCEALMENT, UNCONSCIONABLE
CONTRACTS, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,
SLANDER OF TITLE, AND FOR DECLARATORY RELIEF - 18